**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BASIL OGUEKWE** and **DANIEL PONTES-MACEDO,** on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>**MOMENTUM SOLAR, LLC**,<br><br>*Defendant*. | Civil Case No.:<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

1. Basil Oguekwe and Daniel Pontes-Macedo ("Plaintiffs") bring this class action against Momentum Solar, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 C.F.R. § 64.1200(c) and, in turn, 47 U.S.C. § 227(c)(5), by delivering, or causing to be delivered, more than one advertisement or marketing call or text message to residential or cellular telephone numbers registered with the National Do-Not-Call Registry ("DNC Registry") without prior express invitation or permission required by the TCPA.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

4. This court has personal jurisdiction over the Defendant and venue is proper because Plaintiff resides in this District.

**PARTIES**

5. Plaintiffs are natural persons.

6. Defendant is a limited liability company located in this District.

**BACKGROUND**

7. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

8. "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

9. As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq.* and its implementing regulations 47 C.F.R. § 64.1200 *et seq.*

10. The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(c)(5).

11. For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(b)(3), (c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id.*

12. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

13. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

14. The TCPA prohibits calling any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §§ 64.1200(c)(2). Notably, "[s]uch do-not-call registrations must be honored indefinitely[.]" *Id*.

15. For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

## PLAINTIFFS' ALLEGATIONS

***Plaintiff Basil Oguekwe's Experience***

16. Plaintiff Basil Oguekwe is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff Oguekwe's cellular telephone number is (973) 420-XXXX.

18. Plaintiff Oguekwe uses his cellular telephone number for personal, residential, and household purposes.

19. Plaintiff Oguekwe's cellular telephone number is not associated with any business, nor does Plaintiff Oguekwe use this telephone number for business purposes.

20. Plaintiff Oguekwe has never been a customer of Momentum Solar and never consented to receive calls from Momentum Solar.

21. Despite this, Plaintiff Oguekwe received a call from Momentum Solar on November 4, 2025, from telephone number (888) 350-5618. Plaintiff Oguekwe answered this phone call, and the caller identified itself as Momentum Solar. Therefore, this number belonged to Momentum Solar, was used by Momentum Solar, and was dialed by an agent acting for Momentum Solar.

22. During this phone call, Plaintiff Oguekwe made a request to be added to Momentum Solar's Do Not Call list.

23. Despite Plaintiff Oguekwe's request, he received a second call on November 5, 2025, from telephone number (888) 215-6933.

24. Defendant continued to call Plaintiff Oguekwe on his cellular telephone almost daily, including but not limited to on the following dates and times:

- November 5, 2025, from (888) 239-3564
- November 6, 2025, from (888) 687-0482
- November 6, 2026, from (888) 721-1411
- November 6, 2026, from (888) 839-6865
- November 6, 2025, from (888) 725-8183
- November 10, 2025, from (888) 855-1139
- November 10, 2025, from (888) 341-4604
- November 11, 2025, from (888) 360-2806
- November 11, 2025, from (888) 803-9286

25. Each of the above-described calls were placed to Plaintiff Oguekwe for the purpose of soliciting Defendant's solar power products and services.

26. Plaintiff Oguekwe and other individuals who received Defendant's telemarketing suffered an invasion of privacy and were harassed by the conduct of Defendant.

***Plaintiff Daniel Pontes-Macedo's Experience***

27. Plaintiff Daniel Pontes-Macedo is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

28. Plaintiff Pontes-Macedo's cellular telephone number is (781) 718-XXXX.

29. Plaintiff Pontes-Macedo uses this telephone number for personal, residential, and household purposes.

30. Plaintiff Pontes-Macedo personally listed his telephone number on the National Do Not Call Registry on May 20, 2008, and has not removed it from the Registry since that time.

31. Despite this, Plaintiff Pontes-Macedo has repeatedly received telephone calls from Defendant.

32. On November 13, 2025, Plaintiff Pontes-Macedo received a call from telephone number (888) 666-3688.

33. Plaintiff Pontes-Macedo has never been a customer of Momentum Solar, never consented to receive calls from Momentum Solar and was not interested in Momentum Solar's products or services.

34. Plaintiff Pontes-Macedo instructed Defendant not to call him, but Defendant disregarded his request. Specifically, Plaintiff Pontes-Macedo stated: "I am being very polite and clear that I do not want to continue this call." And Defendant responded, "yea but you haven't hung up have you? So let's talk about our options."

35. Despite the fact that Plaintiff's number is listed on the DNC registry, and his request that Defendant stop calling, Defendant continued to call Plaintiff Pontes-Macedo on his cellular telephone almost daily including but not limited on the following dates and times:

- Three calls on November 17, 2025, from (888) 350-8230; and
- Two more calls on November 17, 2025, from (888) 640-3768.

36. In total, Plaintiff Pontes-Macedo estimates that Defendant called him 15 to 20 times total, and 10 to 15 times after he first instructed Defendant not to contact him anymore.

37. Each of the above-described calls were placed to Plaintiff Pontes-Macedo for the purpose of soliciting Defendant's solar power products and services.

38. Plaintiff Pontes-Macedo and other individuals who received Defendant's telemarketing suffered an invasion of privacy and were harassed by the conduct of Defendant.

## CLASS ACTION ALLEGATIONS

39. Plaintiffs incorporate by reference all other paragraphs of this Complaint as if fully stated herein.

40. Plaintiffs bring this action on behalf of themselves and the following classes (the "Classes") pursuant to Federal Rule of Procedure 23:

Plaintiff Pontes-Macedo:

> **National Do Not Call Registry Class:** All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but then received two or more telephone calls from, or on behalf of, Defendant (3) during a 12-month period and (4) within four years prior to the commencement of this litigation and up until the date of trial.

Plaintiff Oguekwe:

> **Internal Do Not Call Class:** All persons in the United States (1) whose telephone numbers received two or more telephone calls from, or on behalf of, Defendant (2) during a 12-month period, (3) within four years prior to the commencement of this litigation and up until the date of trial, (4) and who had previously

requested for the telephone calls to stop.

40. Together, the various classes are referred to as the "Class."

41. Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

42. Plaintiffs reserve the right to amend the class definition.

43. Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on class-wide bases using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

44. **Ascertainability**. All members of the proposed Class are readily ascertainable from information in Defendant's custody and control. Specifically, all members of the proposed Class can be ascertained through analysis of Defendant's phone records.

45. **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. After all, telemarketing campaigns necessarily involve communication with large groups of people.

46. **Typicality**. Plaintiffs' claims are typical of those of Class Members because all such claims arise from Defendant's unlawful telemarking practices.

47. **Adequacy**. Plaintiffs will fairly and adequately protect the proposed Class's common interests. Their interests do not conflict with Class Members' interests. And Plaintiffs' counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

48. **Commonality and Predominance**. Plaintiffs' and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, *inter alia*:

a. whether Defendant violated the TCPA;

b. whether Defendant violated the TCPA willfully and knowingly;

c. whether Plaintiffs are entitled to statutory damages;

d. whether Plaintiffs are entitled to treble damages;

e. whether Defendant should be enjoined from further TCPA violations.

49. **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Defendant would require. Thus, it would be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

## COUNT I
**Violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff Pontes-Macedo and the National DNC Class)**

41. Plaintiff repeats and re-alleges each and every factual allegation contained therein.

42. In 2003, the Federal Communications Commission ("FCC") ruled that cellular telephone numbers that are placed on the DNC registry are presumed to be residential. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003).

43. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

44. Section 64.1200(e) provides that §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

45. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of those regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

46. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to persons such as Plaintiff and the class members who registered their respective cellular or residential telephone numbers with the DNC Registry, which is a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47. Defendant violated 47 U.S.C. § 227(c)(5) because it delivered, or caused to be delivered, to Plaintiff and members of the class, more than one solicitation text message in a 12-month period in violation of 47 C.F.R. § 64.1200.

48. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200, Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

**COUNT II**
**Violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff Oguekwe and the Internal Do Not Call Class)**

49. Plaintiff re-alleges and incorporates the foregoing allegations set forth as if fully set forth herein.

50. In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) *Written policy*. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) *Training of personnel engaged in telemarketing*. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) *Recording, disclosure of do-not-call requests.* If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call

> request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

51. Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

52. Plaintiff and the Class Members are residential telephone subscribers who received more than one call made for purposes of telemarketing or solicitation purposes from Defendant, who has failed to implement the requisite procedures and personnel training as demonstrated by its repeated failure to honor opt-out requests.

53. Plaintiff and the Class members made requests to Defendant not to receive calls and texts from Defendant.

54. Plaintiff and the Class Members revoked any consent they may have previously provided Defendant by explicitly telling Defendant to stop orally or by sending "STOP" or similar opt-out instruction in response to Defendant's calls.

55. Plaintiff and the Class Members terminated any business relationship they may have previously had with Defendant by replying with a "stop" or similar opt-out instruction in response to Defendant's calls. *See* 47 C.F.R. § 64.1200(f)(5)(i). (A consumer's "seller-specific do-not-call request * * * terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the

seller.")

56. Plaintiff and the Class Members revoked any consent they may have provided Defendant by responding with "stop" or similar opt-out instructions.

57. Defendant continued to call or text message Plaintiff and the Class Members to harass them into making purchases from Defendant.

58. Defendant failed to honor Plaintiff's and the Class members' opt-out requests.

59. Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

60. Plaintiff and the Class members are informed and believe that Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls or calls.

61. Plaintiff and the Class members are informed and believe that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

62. Plaintiff and the Class members are informed and believe that Defendant does not train its personnel engaged in any aspect of telemarketing in the existence and use of the do-not-call list.

63. The details and specific facts regarding Defendant's failure to maintain the required policies and procedures, as well as personnel training, are solely within Defendant's knowledge and possession.

64. Defendant has violated 47 C.F.R. § 64.1200(d) by failing to honor opt-out requests, failing to maintain the required policies and procedures, and failing to train its personnel engaged in telemarketing.

65. Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

66. As a result of Defendant's knowing or willful conduct, Plaintiff and the Class members are entitled to an award of $1,500.00 in statutory damages per violation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiffs as a class representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiffs' counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(c)(5);

e) Enjoining Defendant from continuing its violative behavior, including continuing to deliver, or causing to be delivered, solicitation calls and text messages to telephone numbers registered with the DNC Registry for at least thirty days;

f) Awarding Plaintiffs and the members of the class damages under 47 U.S.C. § 227(c)(5)(B);

g) Awarding Plaintiffs and the members of the class treble damages under 47 U.S.C. § 227(c)(5)(C);

h) Awarding Plaintiffs and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all claims so triable.

Date: December 18, 2025

*/s/ Patrick Howard*
Patrick Howard (NJ Bar No. 02280-2001)
**SALTZ MONGELUZZI & BENDESKY, P.C.**
8000 Sagemore Dr., Suite 8303
Marlton, NJ 08053
Telephone: (215) 575-3895
phoward@smbb.com

Carly M. Roman (*pro hac vice* forthcoming)
**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

*Attorneys for Plaintiff*