**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BASIL OGUEKWE and DANIEL PONTES-MACEDO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOMENTUM SOLAR, LLC,<br><br>Defendant. | Civil Action No. 25-18758 (GC) (RLS)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Momentum Solar, LLC's Motion to Dismiss the Complaint of Plaintiffs Basil Oguekwe and Daniel Pontes-Macedo (ECF No. 1) under Federal Rule of Civil Procedure (Rule) 12(b)(6). (ECF No. 16.) Plaintiffs opposed and Defendant replied. (ECF Nos. 17, 18.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendant's Motion is **GRANTED** without prejudice.

# I. BACKGROUND[1]

## A. Factual Background

On December 18, 2025, Plaintiffs initiated this action by filing a Class Action Complaint against Defendant, on behalf of themselves and others similarly situated. (ECF No. 1.) As alleged in the Complaint, Plaintiffs are two natural persons with cellular telephones used exclusively for "personal, residential, and household purposes." (*Id.* ¶¶ 5, 18-19, 29.)[2] Pontes-Macedo—but not Oguekwe—previously listed his cellular telephone number on the National Do Not Call (DNC) Registry[3] on May 20, 2008. (*Id.* ¶ 30.)

Both Plaintiffs allege they received calls from Defendant in November 2025. (*Id.* ¶¶ 21-25, 31-35.) On November 13, 2025, during a call with Defendant, Pontes-Macedo alleges that he said "I am being very polite and clear that I do not want to continue this call," to which Defendant replied "yea but you haven't hung up have you? So let's talk about our options." (*Id.* ¶¶ 32, 34.) Defendant then proceeded to call Pontes-Macedo on his cellular number "almost daily," including five calls on November 17, 2025. (*Id.* ¶ 35.) In total, Pontes-Macedo estimates that he received

---

1 On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted).

2 Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

3 Pursuant to its delegated authority under the Telephone Consumer Protection Act (TCPA), the Federal Communications Commission (FCC) implemented a national DNC registry as a system for residential telephone subscribers to opt out of receiving telephone solicitations. 47 C.F.R. § 64.1200(c); *see Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373 (2012) ("The [Telephone Consumer Protection] Act also directs the FCC to prescribe regulations to protect the privacy of residential telephone subscribers, possibly through the creation of a national 'do not call' system.").

"15 to 20" calls from Defendant, of which "10 to 15" occurred after he instructed Defendant not to contact him again on November 13, 2025. (*Id.* ¶ 36.)

Oguekwe claims he first received a call on November 4, 2025 from a caller that "identified itself as Momentum Solar." (*Id.* ¶ 21.) During this call, Oguekwe requested to be added to Defendant's internal DNC list. (*Id.* ¶ 22.) The next day, Oguekwe received two more calls from different telephone numbers, which Oguekwe attributes to Defendant. (*Id.* ¶ 23-24.) In the proceeding week—from November 6, 2025 to November 11, 2025—Oguekwe received eight more calls, all from unique phone numbers.[4] (*Id.* ¶ 24.) Plaintiffs claim that all calls received were "for the purpose of soliciting Defendant's solar power products and services." (*Id.* ¶¶ 25, 37.)

**B. Procedural Background**

Plaintiffs assert two counts pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.[5] (ECF No. 1.) The Complaint defines two classes of Plaintiffs. First, a "National Do Not Call Registry Class," consisting of:

> All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but then received two or more telephone calls from, or on behalf of, Defendant (3) during a 12-month period and (4) within four years prior to the commencement of this litigation and up until the date of trial.

(*Id.* ¶ 40.) Second, an "Internal Do Not Call Class," consisting of:

> All persons in the United States (1) whose telephone numbers received two or more telephone calls from, or on behalf of, Defendant (2) during a 12-month period, (3) within four years prior to the commencement of this litigation and up until the date of trial, (4) and who had previously requested for the telephone calls to stop.

---

[4] The Court notes that two calls listed in Plaintiff's Complaint include a date of November 6, 2026, which the Court presumes is a mere typographical error and does not impact the Court's analysis or ruling on this Motion. (ECF No. 1 ¶ 24.)

[5] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

(*Id.*) Plaintiffs bring separate claims under the TCPA for the two classes. First, Plaintiffs bring a claim alleging Defendant violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) against Pontes-Macedo and the National DNC Registry Class (Count I). (*Id.* ¶¶ 46-47.) Second, Plaintiffs bring a claim alleging Defendant violated 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d) against Oguekwe and the Internal DNC Class (Count II). (*Id.* ¶¶ 64-65.) Both classes seek money damages. (*Id.* ¶¶ 48, 65-66.)

On May 20, 2026, Defendant moved to dismiss the Complaint. (ECF No. 16.) Defendant contends that the Complaint fails to state a claim because it lacks sufficient factual allegations connecting Defendant to the calls received by Plaintiffs and improperly relies on conclusory allegations regarding Defendant's internal DNC procedures. (ECF No. 16-2 at 10-15.) In the alternative, Defendant requests a more definite statement pursuant to Rule 12(e). (*Id.* at 16-17.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6), a district court must "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'"

*Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) & *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In making the plausibility assessment, a district court should "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

## III. DISCUSSION

The TCPA is a consumer protection statute enacted "to protect individual consumers from receiving intrusive and unwanted calls." *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 268 (3d Cir. 2013); *see also* 47 U.S.C. § 227. The TCPA contains a private right of action for violations of DNC regulations prescribed by the Federal Communications Commission (FCC). 47 U.S.C. § 227(c)(5). Specifically, section 227(c)(5) provides that any private individual "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of [TCPA] regulations" may bring an action for injunctive and monetary relief. *Id.* An individual may "receive up to $500 in damages for each such violation" or treble damages if the violation was done willfully or knowingly. 47 U.S.C. § 227(c)(5)(B)-(C).

To state a claim under section 227(c)(5), a plaintiff must allege the "(1) receipt of more than one telephone call within any 12-month period; (2) by or on behalf of the same entity; (3) in violation of the regulations promulgated by the [FCC]." *Bradshaw v. CHW Grp., Inc.*, 763 F. Supp. 3d 641, 649 (D.N.J. 2025) (cleaned up); *see* 47 U.S.C. § 227(c)(5). As to Count I, 47 C.F.R. § 64.1200(c) forbids any telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry[.]" 47 C.F.R. §

64.1200(c)(2). As to Count II, 47 C.F.R. § 64.1200(d) requires that any entity initiating calls for telemarketing purposes must "institute[] procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." 47 U.S.C. § 64.1200(d). Specifically, a telemarketer must: "maintain a DNC list and have available upon demand a related written policy; train telemarketing staff on use of the DNC list; record and honor DNC requests within a reasonable amount of time from when the request is made; and identify the seller's name and number during pre-recorded or artificial calls." *Rubin v. Staples, Inc.*, Civ. No. 25-15515, 2026 WL 881651, at *4 (D.N.J. Mar. 31, 2026) (citing 47 C.F.R. § 64.1200(d)(1)-(6)).

Defendant seeks dismissal for Plaintiffs' failure to adequately allege that the calls came from Defendant. Defendant argues that both Counts brought under section 227(c)(5) fail to allege a plausible nexus between the phone calls to Plaintiffs and the actions of Defendant.[6] (ECF No. 16-2 at 7-9.) To adequately allege that a plaintiff received calls "by or on behalf of the same entity," a complaint must plead facts sufficient to "justify that a call came from the defendant." *Smith v. Vision Solar LLC*, Civ. No. 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sep. 21, 2020); *see Deleo v. Nat'l Republican Senatorial Comm.*, Civ. No. 21-3807, 2021 WL 5083831, at *8 n.5 (D.N.J. Nov. 1, 2021) ("[C]ourts have dismissed claims where the plaintiff fails to plead facts justifying the call or text message came from the defendant."). This requires sufficient facts for the Court to reasonably infer that Defendant was the one who made the calls. *See Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 602 (E.D. Pa. 2021) (dismissing pleadings that "identifie[d] the dates and times" when messages were sent, but did "not quote or otherwise describe the content of the alleged messages in a way that indicates the [defendant],

---

6 Defendant does not dispute the first element, the receipt of multiple calls within a 12-month period. (*See* ECF No. 1 ¶¶ 21-24 (alleging Oguekwe received eleven calls in November 2025), 32-26 (alleging Pontes-Macedo received at least six calls in November 2025).)

rather than another individual or organization, sent the messages"); *Smith v. Direct Bldg. Supplies, LLC*, Civ. No. 20-3583, 2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (dismissing a TCPA complaint that "provide[d] no details specifying how [plaintiff] knew that [defendant] in fact placed these calls, such as that [defendant's] name appeared in the caller ID on [plaintiff's] cellular phone, the persons with whom [plaintiff] spoke identified themselves as representatives of [defendant], or the services these persons attempted to sell were [defendant's services]"); *Aaronson v. CHW Grp., Inc.*, Civ. No. 18-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) (dismissing pleadings "devoid of facts such as how the caller identified itself, the substance of the calls, or any other details from the telephone calls that would tend to identify defendant as the party that actually, physically took the steps to place the calls to plaintiff's phone").

Here, despite detailing the first call each Plaintiff received, the Complaint lists only the dates and phone numbers of the remaining calls. (*See* ECF No. 1 ¶¶ 21-24, 34-36.) The Complaint provides no details regarding the identity of those subsequent callers, the content of the calls, or any similarities to the first call. *See Camunas*, 541 F. Supp. 3d at 602; *Smith*, 2021 WL 4623275, at *3. Plaintiffs argue that an "888" area code is listed for all of the calls. (ECF No. 17 at 5.) But alleging a similar area code is insufficient for this Court to reasonably infer that these calls came from Defendant, especially where "888" is a common toll-free number. *See 800 Spirits Inc. v. Liquor By Wire, Inc.*, 14 F. Supp. 2d 675, 680 n.4 (D.N.J. 1998) (explaining that "800" and "888" are available toll-free area codes). Plaintiffs' sole allegation that "the above-described calls were placed to Plaintiff [] for the purpose of soliciting Defendant's solar power products and services" is also too conclusory. (ECF No. 1 ¶¶ 25, 37); *see Aaronson,* 2019 WL 8953349, at *2 ("[W]ithout any facts to explain why plaintiff believes the identified phone number is owned by defendant, this

allegation amounts to nothing more than another conclusory allegation that defendant made the calls to plaintiff's cellular phone.")

Because the 12(b)(6) pleading standard requires factual allegations beyond mere conclusory statements, the Court finds Plaintiffs have failed to plead plausible section 227(c)(5) claims.[7] *See Iqbal,* 556 U.S. at 678. Accordingly, the Court grants Defendants' Motion as to Counts I and II without prejudice.

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED** without prejudice and with leave to amend. An appropriate Order follows.

Dated: November 16, 2026

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[7] Defendant argues that Plaintiffs' Count II—but not Count I—separately fails because it relies "upon information and belief" regarding Defendant's internal DNC procedures. (ECF No. 16-2 at 13-15.) Because the Court dismisses Count II for the reasons stated above, the Court need not address this argument. Likewise, the Court does not reach Defendant's alternative motion for a more definite statement under Rule 12(e). (ECF No. 17 at 16-18.)